UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN EICHMULLER

      Plaintiff,                        Case No.:

v.

SARASOTA COUNTY GOVERNMENT

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN EICHMULLER ("Plaintiff" or "Eichmuller"), by and through his undersigned counsel, hereby files this Complaint against Defendant, SARASOTA COUNTY GOVERNMENT ("Defendant"), and states as follows:

## NATURE OF ACTION

1. This action is brought under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992, §760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices, namely disability discrimination resulting in Plaintiff's unlawful termination. Plaintiff also brings an action for retaliation in violation of the Florida Workers Compensation Act ("FWCA") as prohibited by Fla. Stat. §440.205.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. This Court has supplemental jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1367 because the state court claims, namely the claims pursuant to

760.01 et seq. and Fla. Stat. §440.205, are so related to the federal claim that they form the same case or controversy under Article III of the United States Constitution.

4. The Middle District of Florida, Tampa Division is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because this is the District and Division in which Defendant resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

5. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including but not limited to, the timely dual filing of a charge of disability discrimination with the Florida Commission of Human Relations and United States Equal Employment Opportunity Commission ("EEOC"), pursuant to 42 U.S.C. §2000e-5; receipt of a Notice of Right to Sue from the EEOC with respect to said charge; and the timely filing of this action. **See Exhibit "A"**

## PARTIES

6. Plaintiff is an individual residing in Sarasota County, Florida and was a resident of Sarasota County, Florida at all times relevant to this action.

7. Defendant's principal business address is 1660 Ringling Blvd., 2nd Floor Sarasota, FL 34236.

## FACTUAL BACKGROUND

8. Plaintiff was employed by Defendant as a Skills Trades Worker (2) from on or about September 17, 2018 until his illegal termination on or about May 20, 2019.

9. At all relevant times to this action, Plaintiff was an employee of Defendant and Defendant was Plaintiff's employer within the meaning of the ADA, FCRA, and FWCA.

10. Plaintiff's job duties were to install, replace, repair and modify mechanical and electrical equipment located on and within Public Utilities facilities, including, but not limited to,

pump valves, regulators, actuators, control panels, communication systems, motor controls, electronic filtering and switching system.

11. During his employment with Defendant, Plaintiff performed his job duties in a professional and competent manner.

12. Upon information and belief, Defendant requires all individuals employed as a Skills Trades Worker (2) to completely obtain a Class "A" Commercial Driver's license within six (6) months of the employee's hire date.

13. Plaintiff obtained his Class "A" temporary permit in and around the beginning of January 2019.

14. On or about February 27, 2019, Plaintiff suffered an injury while performing his work duties when he fell off the ladder and hit his body and head on the ground.

15. Plaintiff immediately informed his supervisor, Victor Carlano, of his work-related injuries; however, upon information and belief, Mr. Carlano failed to report the incident to Defendant in a timely fashion which caused a delay in filing and/or the Company contacting the workers compensation department. Nevertheless, a worker's compensation claim was filed with the Defendant regarding Plaintiff's work-related injuries.

16. After several weeks of medical treatment for his work-related injuries, on March 14, 2019, Plaintiff was placed on leave by his treating physician due to his injuries.

17. On or around April 2019, Plaintiff was released to return to work with restriction to light duty work.

18. Plaintiff promptly notified Defendant with his diagnosis and advised Defendant that he was released to work with restrictions of light duty.

19. Defendant advised Plaintiff that it had no light duty work available, and thus, Plaintiff remained on leave.

20. Upon information and belief, it was the responsibility of Defendant's upper management, Dave Sell Manger III/Public Utilities, to order checks from Defendant's finance department in order to pay for Plaintiff and other similar employees to take the driving portion of the CDL class.

21. Upon information and belief, there were at least 10-12 other employees ready and waiting to take the driving portion of the CDL class.

22. Upon information and belief, Defendant did not schedule and/or provide checks to any of these employees, including Plaintiff, for the driving portion of the CDL class prior to May 20, 2019.

23. On May 20, 2019, Defendant terminated Plaintiff's employment, claiming that his employment was considered to be in the "test portion of his employee process" and he failed to fulfill the terms of his employment by successfully obtaining his Class "A" CDL.

24. However, Plaintiff could never have completed the process of obtaining his Class "A" CDL prior to May 20, 2019 because Defendant never scheduled and/or provided him with the check to finance the driving portion of the CDL class prior to May 20, 2019.

25. Thus, Defendant's reason for terminating Plaintiff was not the real reason that Defendant terminated him, but rather, was merely a pretext for discrimination and retaliation.

26. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal termination.

27. As a result of the foregoing, Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I– DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA AND FCRA

28. Plaintiff repeats each and every allegation of Paragraphs 1 through 27 as fully set forth herein at length.

29. After receiving his work-related injuries, Plaintiff suffered from various physical impairments which temporarily affected one of his major life activities.

30. After suffering his work-related injuries, Plaintiff was perceived by Defendant as suffering from a disability, which substantially limited one or more major life activities.

31. However, Plaintiff remained was qualified for his Skills Trades Worker (2) and was able to perform its essential functions, with or without a reasonable accommodation.

32. Defendant violated the ADA and FCRA by, among other things, treating him in a disparate manner due to his perceived disability and terminating his employment because of his perceived disability.

33. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

a. Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs that provide equal employment opportunities for disabled individuals and which eradicate the effects of its past and present unlawful practices;

b. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon; and

c. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

d. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

**COUNT II**
**RETALIATORY DISCHARGE WORKERS' COMPENSATION (Fla. Stat. §440.205)**

34. Plaintiff repeats each and every allegation of Paragraphs 1 through 27 as fully set forth herein at length.

35. The Florida Legislature intended to protect the employee's access to workers' compensation benefits and the injured worker's employment with his employer, and not allow an employer's intimidation or coercion to discourage filing valid claims, and to ensure the prompt delivery of benefits to the injured worker pursuant to section 440.015, Florida Statutes. Further, Fla. Stat. §440.205 (Coercion of employees), states:

> "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

36. Plaintiff sought to claim benefits under Fla. Stat. §440.

37. Defendant retaliated against plaintiff and terminated him as a result of Plaintiff's work-related injuries, valid claim for compensation or attempts to claim compensation under Fla. Stat. §440.

38. As a direct result of Defendant's retaliatory conduct, plaintiff has suffered loss of income, loss of benefits, humiliation, pain, and suffering with such losses continuing.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

a. Declare Defendant's conduct to be in violation of Florida Statutes and order Defendant to institute policies, practices and programs that provide equal employment opportunities for disabled individuals and which eradicate the effects of its past and present unlawful practices;

b. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including

emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon; and

c. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

d. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all counts so triable.

Date: January 7, 2020

    Respectfully Submitted,

*s/ Bradley R. Hall*
Bradley R. Hall, Esq.
Florida Bar No.: 26172
Email: bhall@creedlawgroup.com
Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Email: dcreed@creedlawgroup.com
Creed Law Group, PLLC d/b/a
Creed & Hall
13043 West Linebaugh Avenue
Tampa, FL 33626
Telephone: (813) 444-4332
Fax: (813) 441-6121
*Attorneys for Plaintiff*